IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHERYL VERNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:15-cv-210-TFM |
| | ) [wo] |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.*, Cheryl Vernon ("Vernon" or "Plaintiff") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the Court concludes the Commissioner's decision denying disability insurance benefits should be AFFIRMED.

**I. NATURE OF THE CASE**

Vernon requests judicial review of the Commissioner of Social Security Administration's decision denying her application for disability insurance benefits. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case solely to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Winschel*, 631 F.3d at 1178 (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999); *see also Kosloff v. Comm'r of Soc. Sec.*, 581 Fed. Appx. 811, 811 (11th Cir. 2015) (citing *Kelley*).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Winschel*, 631 F.3d at 1178 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("even if the evidence

preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citation omitted).  The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted).  There is no presumption that the Secretary's conclusions of law are valid.  *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III.  STATUTORY AND REGULATORY FRAMEWORK

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[1]  *See* 42 U.S.C. § 423(a).[2]  Applicants under DIB must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs.  *See* 42 U.S.C. §§ 423(d); 20 C.F.R. §§ 404.1505(a), 416.905(a).  A person is entitled to disability benefits when the person is unable to

---

[1]  DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

[2]  SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues.  *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A).  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3).

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled.  20 C.F.R. §§ 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *O'Neal v. Comm'r of Soc. Sec.*, 614 Fed. Appx. 456, 2015 U.S. App. LEXIS 9640, 2015 WL 3605682 (11th Cir. June 10, 2015).  The ALJ determines:

(1) Whether the claimant is currently engaged in substantial gainful activity;

(2) Whether the claimant has a severe impairment or combination of impairments;

(3) Whether the impairment meets or exceeds one of the impairments in the listings;

(4) Whether the claimant can perform past relevant work; and

(5) Whether the claimant can perform other work in the national economy.

*Winschel*, 631 F.3d at 1178; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  When a claimant is found disabled – or not – at an early step, the remaining steps are not considered.  *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on the claimant through Step 4.  *See Ostborg v. Comm'r of Soc.*

*Sec.*, 610 Fed. Appx. 907, 915 (11th Cir. 2015); *Phillips*, 357 F.3d at 1237-39. A *prima facie* case of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden. Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4). RFC is what the claimant is still able to do despite the impairments, is based on all relevant medical and other evidence, and can contain both exertional and nonexertional limitations. *Phillips*, 357 F.3d at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. In order to do this, the ALJ can either use the Medical Vocational Guidelines[3] ("grids") or call a vocational expert. *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. *Id*. at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. Otherwise, the ALJ may use a vocational expert. *Id*. A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id*. In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

---

[3]    *See* 20 C.F.R. pt. 404 subpt. P, app. 2

## IV. BACKGROUND AND PROCEEDINGS

Vernon claims disability because of fibromyalgia, myofascial, dysautonomia, osteoarthritis, carpel tunnel, Sjogren's, lower back problems, and lymphocytic colitis (chronic diarrhea and constipation). (R. 41-47, 114, 236-37). Following initial administrative denial of her claim, Vernon requested a hearing before an administrative law judge ("ALJ") (R. 137-38). ALJ Walter V. Lassiter, Jr. ("the ALJ") convened an evidentiary hearing on July 8, 2013. (Tr. 27-72). Vernon was represented by an attorney. The ALJ received direct testimony from Vernon and a Vocational Expert ("VE"). The remaining evidentiary record consisted of medical reports from treating sources and residual functional capacity assessments completed by a medical consultant who examined Vernon and reviewed medical records upon request of Alabama Disability Determination Services.[4] The ALJ rendered an unfavorable verdict on August 29, 2013. (R. 7-22). On March 6, 2015, the Appeals Council denied Vernon's request for review (R. 1-4). This Social Security Appeal was filed on March 31, 2015. *See* Doc. 1, Complaint.

## V. ADMINISTRATIVE DECISION

Employing the five step process, the ALJ found that Vernon has not engaged in substantial gainful activity since the alleged onset date (Step 1)[5]; has severe impairments (Step 2)[6]; the impairments, considered individually and in combination, do not meet or equal in

---

[4]   Stuart May, M.D. (Tr. 304-311). "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a).

[5]   The ALJ did note Vernon worked during the time period at issue, but such activity did not rise to the level of substantial gainful activity.

[6]   The ALJ found the following "severe" impairments: status post cervical fusion surgeries in 2003 and 2005, secondary to diffuse cervical spondylosis; status post carpel tunnel release; minimal diffuse

severity any impairment set forth in the listings (Step 3); and Vernon can perform her past relevant work as a cosmetologist (Step 4). (Tr. 12-21). As such, Vernon did not meet her prima facie case for disability and the burden did not shift to the Commissioner to show there are a significant number of jobs in the national economy which she can perform.

At Step Four, the ALJ found Vernon had the RFC to perform light work with some additional limitations. (Tr. 16). Specifically, after evaluating the entire record, the ALJ determined Vernon can lift and carry 20 pounds occasionally and 10 pounds frequently. Vernon can sit, stand, and walk at least a total of six hours each over the course of an eight-hour work day. She can frequently reach in all directions and can frequently use her lower extremities for pushing, pulling, and the operation of foot controls. Vernon cannot climb ladders, ropes, poles, or scaffolds and cannot crawl. She can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. Vernon can occasionally work in humidity and wetness, but cannot work in extreme temperatures, unprotected heights, or with operating hazardous machinery. She can occasionally operate motor vehicles. *Id*.

As a result of these limitations, the ALJ determined Vernon could perform past relevant work as a cosmetologist. (Tr. 21). The ALJ utilized Vocational Expert (VE) testimony regarding Vernon's past work as a cosmetologist which is light and skilled work. The ALJ considered Vernon's description of her duties and the VE testimony when making the determination that she could perform her past relevant work as a cosmetologist. *Id*. Therefore, the ALJ ended his analysis at Step Four and found Vernon has not been disabled since the alleged onset date. (Tr. 22).

---

disc bulge at L3-4 and L4-5, without significant central stenosis; central disc protrusion at L5-S1 without significant central stenosis; and minimal ventral indentation on thecal sac at L4-5. (Tr. 12).

## VI. Issues

Vernon raises two issues on appeal:

(1) The ALJ committed reversible error in finding that several of Plaintiff's impairments were not severe and that Plaintiff is not disabled

(2) The ALJ erred when he found that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of the impairments' symptoms were not credible because the medical records failed to support the Plaintiff's statements.

Pl. Br. at p. 3.

The Commissioner re-characterizes the issues as:

(1) Whether the Administrative Law Judge (ALJ) erred at step two of the sequential evaluation when he found lymphocytic colitis, dysautonomia and fibromyalgia were not severe impairments.

(2) Whether substantial evidence supports the ALJ's credibility assessment of Plaintiff's subjective complaints.

Def. Br. at p. 1. Regardless of the wording, the Commissioner does address the issues raised by Plaintiff in the brief.

## VII. Discussion and Analysis

**A.  Issue 1 – ALJ erred at Step 2 in failing to determine several impairments as severe**

Vernon alleges the ALJ erred when he did not find her several impairments to be severe. Specifically, Vernon states lymphocytic colitis (chronic diarrhea and constipation), dysautonomia, and fibromyalgia should have been determined as severe impairments. *See* Doc. 12 at p. 4. A severe impairment is one that significantly limits the claimant's ability to do basic work activities. *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). The Commissioner responds that by finding at Step 2 that Vernon has severe impairments, nothing further is required by the ALJ at that step. *See* Doc. 13 at p. 5. Specifically, the Commissioner's brief argues "[i]mportantly, having found severe impairments at step two, the ALJ found in Plaintiff's

favor and proceeded with the other steps of the sequential evaluation process." *Id*. Any failure to make severe findings as to other ailments is harmless because a finding is all step 2 requires. *See Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 Fed. Appx. 949, 951-52 (11th Cir. 2014) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. Appx. 823, 824-25 (11th Cir. 2010). The Court finds the ALJ satisfied his obligation at Step 2 and by finding a severe impairment, there is no error at Step 2.

However, as articulated by the *Heatly* holding, the ALJ must make specific and well-articulated findings in step 3 as to the effect of the combination of impairments. *Heatly*, 382 Fed. Appx. at 825. Thus, the Court will also look to whether the ALJ erred in Step 3 in her consideration of Vernon's impairments or combination of impairments. "The ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." *Id*. (citing *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1991) (explaining that the ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments.").

In this case, the ALJ satisfied that requirement. The ALJ specifically listed several considered listings with regard to the severe impairments. Then the ALJ also stated

> Moreover, the undersigned has considered the combined effects of claimant's impairments, both severe and non-severe, and has determined that the findings related to them are not at least equal in severity to those described in Listings 1.02, 1.04, 5.00, 6.00, 9.00, 11.00, 12.09, and 14.00. In this consideration, the undersigned has specifically considered the cumulative effects of the impairments on claimant's ability to work. 20 CFR 404.1526(b)(3) and 416.926(b)(3).

R. at 15. The ALJ is required to articulate this consideration and discuss with enough specificity such that reviewing authorities are certain this requirement was done. The Court is satisfied the ALJ did was he was legally required to do. Much like the *Tuggerson-Brown* case, the ALJ's statements are enough to demonstrate the ALJ considered all the necessary evidence. *See*

*Tuggerson-Brown*, 572 Fed. Appx. at 951-52 (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002)). As a result, the Court moves to the Plaintiff's second issue.

**B.      Issue 2 – ALJ erred in credibility determination**

Vernon also challenges the ALJ credibility determination in rejecting her pain and testimony as to the intensity, persistence, and limiting effects of her symptoms. Specifically, Vernon argues substantial evidence does not support the ALJ's finding.

When a claimant attempts to establish a disability through her own testimony concerning pain or other subjective symptoms, the Eleventh Circuit requires "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain, or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *see also Duval v. Comm'r of Soc. Sec.*, 628 Fed. Appx. 703, 2015 U.S. App. LEXIS 22762, 2015 WL 9466876 (11th Cir. Dec. 29, 2015) (quoting standard from *Wilson*). If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce her symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c)(1), 416.927(c)(1). The Eleventh Circuit has specifically stated "[w]e have held that credibility determinations are the province of the ALJ…and we will not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell*, 771 F.3d at 782 (internal citation omitted).

In the case at hand, the ALJ stated "[w]ith respect to claimant's severe impairments, medical records document abnormalities in claimant's spine, corroborate a history of carpel tunnel disease, and document a history of surgeries on claimant's cervical spine. Nevertheless,

the subjective complaints, clinical findings, and objective evidence documented in claimant's medical records fail to support a conclusion that claimant would be precluded from performing her past relevant work as a cosmetologist on a full-time basis." R. 17. The ALJ further describes Plaintiff's various medical records and complaints (both severe and non-severe). R. 17-21. The ALJ gave significant weight to Floyd's treating physician Dr. Teague and the consultative evaluator Dr. May. Plaintiff's treatment records indicate primarily a conservative treatment approach and the findings were relatively benign. Further, with regard to her intestinal issues, medical records indicate she was not fully compliant with the gastroenterologist's recommendation to take probiotics.

In short, the ALJ gave a detailed description of his rationale, finding the Plaintiff's complaints about the intensity, persistence, and level of pain/symptoms were not entirely credible. R. 18-19. This Court finds the ALJ adequately articulated his credibility determination, substantial evidence supports that determination, and there is no basis for the Court to disturb the ALJ's finding.

## VIII. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the Court concludes that the ALJ's non-disability determination and denial of benefits is supported by substantial evidence and no legal error was committed. It is, therefore, ORDERED that the decision of the Commissioner is AFFIRMED. A separate judgment is entered herewith.

DONE this 10th day of August, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE